UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES E. SNYDER,        )<br>         Plaintiff,    )<br>                       )<br>    v.                 )<br>                       )<br>CITY OF PORTAGE, SCHMIDT,  )<br>WHITTEN & WHITTEN LLC,     )<br>DANIEL WHITTEN, and        )<br>SUSANNE LYNCH              )<br>         Defendants.       ) | Cause No. |

# **COMPLAINT**

Plaintiff, James E. Snyder, brings this suit pursuant to 42 U.S.C. § 1983 seeking monetary damages judgment against the foregoing Defendants.

# **JURISDICTION**

1. This suit is brought pursuant to 42 U.S.C. § 1983:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of and State or Territory of the District of Columbia, subject, or causes to be subjected, any citizen on the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

   This cause arises under the Constitution of the United States, and this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff, James E. Snyder, is a natural person and resident of Portage, Indiana.

3. Defendant, City of Portage is a "Governmental Entity" operating under the laws of the State of Indiana.

4. Defendant, Schmidt, Whitten and Whitten LLC, is a law firm representing the City of Portage, Indiana.

1

5. Defendant, Daniel Whitten, is a lawyer representing the City of Portage, Indiana and is a natural person living in Porter County, Indiana.

6. Defendant, Susanne Lynch, the Mayor of the City of Portage, is a natural person living in Portage, Indiana.

## VENUE

7. Defendants are located and/or doing business in Portage, within the Northern District of Indiana, Hammond Division. All of the acts complained of herein have occurred, and will occur, in Portage, with the Northern District of Indiana Hammond Division. Venue is proper under 28 U.S.C. § 1391 (b).

## FACTS

Comes now the Plaintiff, James E. Snyder, by counsel, Attorney Matthew B. Dogan, and files this cause of action against the Defendants, City of Portage, Schmidt, Whitten & Whitten LLC, Daniel Whitten, and Susanne Lynch, and in support thereof alleges and states the following:

8. Plaintiff delivered his Tort Claim Notice in regard to the foregoing accusations on August 24, 2022, to the State of Indiana Department of Insurance and the City of Portage; said notice is attached herewith as *Exhibit A*.

9. At a time on or before March 19, 2021, City employees were instructed not to meet with James Snyder (former Mayor of City the City of Portage) or his attorneys in preparation of Mr. Snyder's criminal trial Cause No. 2:16-cr-160.

10. Mayor Susanne Lynch on her own accord and/or through City Attorney Daniel Whitten gave this instruction to known trial witness Randall Reeder Jr. and others, to intimidate Reeder and other possible witnesses.

11. Snyder was made aware of the alleged conduct and instruction during a meeting with former City employees in or around June of 2022 after his second trial.

12. Mayor Susanne Lynch and City Attorney Daniel Whitten were knowledgeable and aware that Mr. Reeder was a necessary and the primary witness in the trial of Snyder. The United States Attorney accused Reeder of "rigging" bids.

13. Mayor Susanne Lynch and City Attorney Daniel Whitten obviously did not believe Reeder had "rigged" any bids as they both hired and promoted him from Assistant Street Superintendent to be the Street Superintendent after Snyder was convicted by a jury in Cause No. 2:16-cr-160.

14. A retrial was ordered by the Court in November 2019 for Cause No. 2:16-cr-160.

15. The order from Whitten and Lynch was confirmed and relayed directly to Snyder by Reeder on June 11, 2022, by telephone after Snyder's second trial. Snyder nor his counsel had any knowledge of the order conveyed by Lynch and Whitten prior to this date.

16. Reeder stated to Snyder that he was directed to not speak with Snyder or his attorneys in preparation of Snyder's upcoming trial.

17. Reeder also stated to Snyder he did not know the orders given to him from Lynch through Whitten were illegal or wrongful.

18. Randell Reeder and others were and are at will employees appointed at the sole discretion of Mayor Lynch.

19. Daniel Whitten acted and conspired at the direction or with the authority of Mayor Lynch. Daniel Whitten is a licensed and practicing attorney in the State of Indiana with a heightened duty to protect the interests of justice.

20. These instructions to Mr. Reeder and/or other City employees were crimes consisting of

official misconduct, witness intimidation and obstruction of justice as dictated in both state and federal law. Federal Statute:18 U.S. Code §1512; §1502 Indiana Statute: IC 35-45-2-1; 35-44.1-2-2; 35-44.1-1-1.

21. Because of this misconduct, intimidation, and obstruction by Mayor Lynch and Attorney Whitten on behalf of the City of Portage, Randall Reeder Jr. refused to meet with Snyder's legal representatives in preparation of the March of 2021 trial despite his willingness to do so.

22. Lynch and Whitten's intimidation and obstruction had convinced Reeder that meeting with Snyder's attorneys before his first trial was "wrong" as expressed in his testimony at Snyder's sentencing.

23. The last action in furtherance of the scheme to intimidate and obstruct Mr. Snyder trial through the orders delivered to Reeder continued through Mr. Snyder's sentencing on October 13, 2021; in which Reeder continued to refuse to meet with Snyder's legal counsel to prepare for his testimony regarding additional points the United States Attorneys erroneously sought to enhance Mr. Snyder's sentence.

24. To further intimidate witnesses Reeder, the City of Portage refused to retain and/or reimburse legal expense incurred on behalf of Reeder as it was usual, customary, and in the regular course of business for the City of Portage to do when litigation stems from employment status.

25. That the Defendants are "persons" who acted under color of State law to deprive and conspired to deprive the Plaintiff, James E. Snyder, of his constitutional protected rights to free speech and association, the right to due process and the right to a fair trial.

## Count 1
## Violation of First Amendment Civil Right to Association

26. Plaintiff hereby incorporates the allegations in rhetorical paragraphs 1-25 of Plaintiff's Complaint as rhetorical paragraphs 1-25 of Count 1 of Plaintiff's Complaint.

27. That on or before March 19, 2021, and at all times relevant hereto, Susanne Lynch and Daniel Whitten were respectively, Mayor and the City Attorney of the City of Portage, City of Portage, State of Indiana.

28. That Plaintiff, James E. Snyder, was deprived of his Federal Rights by the defendants.

29. That the Defendants deprived Plaintiff of his rights while acting under color of State Law.

30. That Defendants intentionally conspired to violate James E. Snyder's Constitutionally Protected Rights.

31. Reeder was unequivocally directed, not to associate with James E. Snyder violating Snyder's right to equal application of justice.

32. That Defendants, by their acts and failures to act and by their deliberate indifference to acts and failures to act, and violated the Plaintiff's First Amendment Rights to association, Fifth Amendment right of due process of law, Sixth Amendment right to have compulsory process for obtaining witnesses in his favor.

33. That the Plaintiff, James E. Snyder, as a direct and proximate result of the acts of Defendants have deprived him of his constitutionally protected rights and has suffered significant damages which include but are not limited to wage and economic losses, loss of position, loss of wages, loss of compensation and loss of liberty, attorney fees, expenses and have been otherwise damaged.

WHEREFORE, Plaintiff, James Snyder, by counsel, move this honorable Court to take jurisdiction over the parties and this cause; that this Court award Plaintiff monetary damages and reasonable attorney's fees pursuant to 42 U.S.C Sec. 1988; and that this Court award punitive damages due to the intentional and obstinate conduct of the parties to enter a judgment on the Plaintiff's behalf against all Defendants, and for any other relief just and proper in the premises.

## Count 2
## Violation of Fifth Amendment Civil Right of Due Process

34. Plaintiff hereby incorporates the allegations in rhetorical paragraphs 1-33 of Plaintiff's Complaint as rhetorical paragraphs 1-33 of Count 2 of Plaintiff's Complaint.

35. Due to the Defendants' concerted actions, Snyder's Fifth Amendment Civil Right of Due Process was violated.

36. Defendants' actions caused Snyder great financial expense and other ascertainable damages.

WHEREFORE, Plaintiff, James Snyder, by counsel, move this honorable Court to take jurisdiction over the parties and this cause; that this Court award Plaintiff monetary damages and reasonable attorney's fees pursuant to 42 U.S.C Sec. 1988; and that this Court award punitive damages due to the intentional and obstinate conduct of the parties to enter a judgment on the Plaintiff's behalf against all Defendants, and for any other relief just and proper in the premises.

## Count 3
## Violation of Sixth Amendment of Compulsory Process to Obtain Witnesses

37. Plaintiff hereby incorporates the allegations in rhetorical paragraphs 1-36 of

Plaintiff's Complaint as rhetorical paragraphs 1-36 of Count 3 of Plaintiff's Complaint.

38. "Witness intimidation is a reprehensible offense; it threatens the search for justice by attempting to silence those who would otherwise speak. This type of dishonesty strikes at the heart of what the judiciary should be — impartial arbiters of the truth who avoid even the shadow of impropriety." *Matter of Drury*, 602 N.E.2d 1000, 1010 (Ind. 1992).

39. Defendants intimidated and threatened key witness Randall Reeder into silence before Snyder's impending criminal trial.

WHEREFORE, Plaintiff, James Snyder, by counsel, move this honorable Court to take jurisdiction over the parties and this cause; that this Court award Plaintiff monetary damages and reasonable attorney's fees pursuant to 42 U.S.C Sec. 1988; and that this Court award punitive damages due to the intentional and obstinate conduct of the parties to enter a judgment on the Plaintiff's behalf against all Defendants, and for any other relief just and proper in the premises.

## Count 4
## Violation of 42 U.S.C. 1983 – Obstruction of Equal Protection and Due Process Clause of the Fourteenth Amendment

40. Plaintiff hereby incorporates the allegations in rhetorical paragraphs 1-39 of Plaintiff's Complaint as rhetorical paragraphs 1-39 of Count 4 of Plaintiff's Complaint.

41. That at all times relevant hereto, Mayor Susanne Lynch and City Attorney Dan Whitten acted under the color of the Defendant the City of Portage.

42. That Plaintiff, James Snyder, was deprived of his Federal Rights by the Defendants.

43. That the Defendants deprived the Plaintiff of his Federal Rights while acting under the color of State Law.

44. That the Defendants intentionally conspired to violate Plaintiff's Constitutionally

protected Rights.

45. That the Defendants by their acts and failures to act by their deliberate indifference to acts and failures to act, violated the Plaintiff's Fourteenth Amendment Rights including but not limited to his Right to Equal Protection and his Right to Due Process.

WHEREFORE, Plaintiff, James Snyder, by counsel, move this honorable Court to take jurisdiction over the parties and this cause; that this Court award Plaintiff monetary damages and reasonable attorney's fees pursuant to 42 U.S.C Sec. 1988; and that this Court award punitive damages due to the intentional and obstinate conduct of the parties to enter a judgment on the Plaintiff's behalf against all Defendants, and for any other relief just and proper in the premises.

## Count 5
## Criminal Mischief

46. Plaintiff hereby incorporates the allegations in rhetorical paragraphs 1-45 of Plaintiff's Complaint as rhetorical paragraphs 1-45 of Count 5 of Plaintiff's Complaint.

47. That at all times relevant hereto, Mayor Susanne Lynch and City Attorney Dan Whitten acted under the color of the Defendant the City of Portage.

48. Criminal mischief is committed by a person who:

49. Recklessly, knowingly, or intentionally damages or defaces property of another person with the other person's consent; or

50. Knowingly or intentionally causes another to suffer pecuniary loss by deception or by an expression of intention to injure another person or to damages the property to impair the rights of another person; commits criminal mischief, a Class B misdemeanor. *Lindsey v. Degroot*, 898 N.E.2d 1251, 1263 (ind. Ct. App. 2009) "If a person suffers a pecuniary loss as a result of violation of IC 35-43 … the person may bring a civil action against the person who caused the

loss." Ind. Code Sec. 34-24-3-1 (2003)." *Lindsey v. Degroot*, 898 N.E. 2d 1251, 1263 (Ind. Ct. App. 2009).

51. All Defendants intentionally caused the Plaintiff to suffer an extreme pecuniary loss and impaired the Plaintiff's civil rights by way of their intentional conduct.

52. Defendants intentionally conspired to violate Plaintiff's Constitutionally protected Rights.

WHEREFORE, Plaintiff, James Snyder, by counsel, move this honorable Court to take jurisdiction over the parties and this cause; that this Court award Plaintiff monetary damages and reasonable attorney's fees pursuant to 42 U.S.C Sec. 1988; and that this Court award punitive damages due to the intentional and obstinate conduct of the parties to enter a judgment on the Plaintiff's behalf against all Defendants, and for any other relief just and proper in the premises and for all remedies available under the Indiana Crime Victim's Relief Act including attorney's fees and treble damages, and for any other relief just and proper in the premises.

## Count 6
## Intentional and Negligent Infliction of Emotional Distress

53. Plaintiff hereby incorporates the allegations in rhetorical paragraphs 1-52 of Plaintiff's Complaint as rhetorical paragraphs 1-52 of Count 6 of Plaintiff's Complaint.

54. Defendants engaged in conduct that (1) was extreme and outrageous, (2) intentional and reckless (3) and caused severe emotional distress to Plaintiff James Snyder.

WHEREFORE, Plaintiff, James Snyder, by counsel, move this honorable Court to take jurisdiction over the parties and this cause; that this Court award Plaintiff monetary damages and reasonable attorney's fees pursuant to 42 U.S.C Sec. 1988; and that this Court award punitive

damages due to the intentional and obstinate conduct of the parties to enter a judgment on the Plaintiff's behalf against all Defendants, and for any other relief just and proper in the premises and for all remedies available under the Indiana Crime Victim's Relief Act including attorney's fees and treble damages, and for any other relief just and proper in the premises.

## Count 7
## Negligence

55. Plaintiff hereby incorporates the allegations in rhetorical paragraphs 1-54 of Plaintiff's Complaint as rhetorical paragraphs 1-54 of Count 7 of Plaintiff's Complaint.

56. Defendants owed the duty as public officials of a municipality, the City of Portage, to conform their standard of care arising from this relationship with the Plaintiff; (2) Defendants failed to conform their standard of care to the requisite standard of care required; and (3) Defendants' actions were the cause of foreseeable damages to the Plaintiff.

WHEREFORE, Plaintiff, James Snyder, by counsel, move this honorable Court to take jurisdiction over the parties and this cause; that this Court award Plaintiff monetary damages and reasonable attorney's fees pursuant to 42 U.S.C Sec. 1988; and that this Court award punitive damages due to the intentional and obstinate conduct of the parties to enter a judgment on the Plaintiff's behalf against all Defendants, and for any other relief just and proper in the premises and for all remedies available under the Indiana Crime Victim's Relief Act including attorney's fees and treble damages, and for any other relief just and proper in the premises.

## Count 8
## Negligence Per Se

57. Plaintiff hereby incorporates the allegations in rhetorical paragraphs 1-56 of Plaintiff's Complaint as rhetorical paragraphs 1-56 of Count 8 of Plaintiff's Complaint.

58. Defendants violated any and all Federal and State and municipal laws, codes, ordinances, regulations, governing appropriate conduct and interactions with potential witnesses of a criminal trial.

59. Defendants violated any and all applicable State and municipal laws, codes, ordinances, regulations, governing the refrain of inflicting severe embarrassment, loss of enjoyment, mental injury, and severe duress to the Plaintiff.

60. Violation of any of the aforementioned statutes, coupled with the damages inflicted upon the Plaintiff from the conduct involved results in liability on Defendants for all such damages.

Plaintiff, James Snyder, by counsel, move this honorable Court to take jurisdiction over the parties and this cause; that this Court award Plaintiff monetary damages and reasonable attorney's fees pursuant to 42 U.S.C Sec. 1988; and that this Court award punitive damages due to the intentional and obstinate conduct of the parties to enter a judgment on the Plaintiff's behalf against all Defendants, and for any other relief just and proper in the premises and for all remedies available under the Indiana Crime Victim's Relief Act including attorney's fees and treble damages, and for any other relief just and proper in the premises.

## JURY DEMAND

The Plaintiff hereby demands a jury for trial of all issues, on all counts.

Respectfully submitted,

DOGAN AND DOGAN

BY: */s/ Matthew B. Dogan*
MATTHEW B. DOGAN
Attorney I.D. No. 35209-64
Attorney for Plaintiff
6062 Lute Road
Portage, Indiana 46368
(219) 764-0100
mattdogan@doganlaw.com